**In re John Henry ADAMS and Earnestine Adams, Debtors.**

**Bankruptcy No. 94–00264–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

Sept. 27, 1994.

William E. Brewer, Jr., Raleigh, NC, for debtors.

Trawick H. Stubbs, Jr., Chapter 13 Trustee, Stubbs, Perdue, Chesnutt, Wheeler & Clemmons, P.A., New Bern, NC.

Richard P. McNeely, Charlotte, NC, for creditor.

## ORDER DETERMINING VALUE OF COLLATERAL AND APPROPRIATE INTEREST RATE

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion of the chapter 13 debtors, John and Earnestine Adams, to value collateral and to determine the appropriate interest rate to be paid on a partially secured arrearage claim. A hearing was held in Raleigh, North Carolina on September 6, 1994.

Mr. and Mrs. Adams filed their chapter 13 petition on February 22, 1994, and proposed a plan calling for payments of $115 for one month and $460 for thirty-six months to the chapter 13 trustee. United Companies Lending Corporation holds the mortgage on

the debtors' residence with a total outstanding balance of $43,811.49, including arrearages (late charges, escrow advances and costs), of $13,184.72. The debtors propose to make the regular monthly mortgage payment directly to United and to pay the arrearage from payments made to the chapter 13 trustee over the life of the chapter 13 plan.

Bankruptcy Code § 1322(b)(5) permits a chapter 13 debtor to continue to make long-term mortgage payments and to cure prepetition arrearage through the chapter 13 plan. In this case the debtors contend that United's claim is undersecured and that United is not entitled to interest on the unsecured portion of the arrearage claim.

The debtors allege that the value of their home is $40,000, that value has not been contested by United, and the court finds that the value of United's collateral is $40,000. Accordingly, United has a $40,000 secured claim pursuant to § 506(b) and an unsecured claim for the balance. Consequently, only a $9,373.23 portion of the arrearage claim is secured.

■ There are several issues regarding the payment of interest on the arrearage claim. Is the undersecured creditor entitled to preconfirmation interest on the arrearage, and if so, at what rate? Is the undersecured creditor entitled to postconfirmation interest on the arrearage, and if so, at what rate? The United States Supreme Court addressed the issue of interest on the arrearage portion of a claim treated pursuant to § 1322(b)(5) and held that an *oversecured* creditor is entitled to interest, both preconfirmation and postconfirmation. *Rake v. Wade,* —— U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). Preconfirmation interest is required by § 506(b), which provides that a secured creditor is entitled to interest on the claim to the extent that the claim is secured, i.e., to the extent of the value of the collateral. 11 U.S.C. § 506(b).

In *Rake v. Wade,* the creditor was fully secured and interest was therefore appropriate. If the creditor is undersecured, as in the present case, a compelling argument can be made that to the extent the creditor is undersecured, it is entitled to no interest at all. The debtors, however, have elected not to make that argument, instead offering to pay interest, but only on the secured portion of the arrearage claim. Although the creditor may be entitled to no preconfirmation interest, it certainly is not entitled to preconfirmation interest on the unsecured portion of the arrearage claim. The court will allow preconfirmation interest on the secured arrearage claim of $9,373.23 as proposed by the debtors.

■ The appropriate interest rate with respect to preconfirmation arrearage is determined by § 506(b). That section provides that the contract rate applies to the extent that the claim is secured. In the present case the claim is undersecured and, arguably, no interest is due. Postconfirmation interest on arrearage claims is required by § 1325(a)(5)(B) *Rake v. Wade* at ——, 113 S.Ct. at 2191. That section provides in essence that a secured creditor's lien must be retained and that the secured creditor receive through the plan the present value of the secured claim as of the effective date of the plan.

■ The Fourth Circuit Court of Appeals has held that the applicable rate to ensure that the creditor receives its present value is the creditor's market rate not to exceed the contract rate. *United Carolina Bank v. Hall,* 993 F.2d 1126 (4th Cir.1993). The debtor contends that the market rate is nine percent and that rate has not been contested by United. Accordingly, the court will allow postconfirmation interest on the secured portion of the arrearage claim in the amount of nine percent per annum.

■ Finally, the interest rate on United's secured claim should be clarified. Section 1322(b)(2) requires the debtor to pay such a secured claim according to the original contract terms. This means that the payment amount and the contract rate should not be changed. Consequently, United's secured claim, other than the arrearage claim, should be paid at the contract rate of fourteen percent.

Based on the foregoing, the court concludes that the value of the debtors' residence is $40,000, that United has a secured

claim in the amount of $40,000, and that interest shall accrue on the $9,373.23 secured portion of the arrearage claim in the amount of nine percent per annum.

**SO ORDERED.**